IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-63-BO

| | |
|---|---|
| PENGUIN RESTORATION, INC. d/b/a, PAUL DAVIS RESTORATION OF RALEIGH DURHAM, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONWIDE MUTUAL INSURANCE COMPANY, and NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, )<br>)<br>)<br>)<br>)<br>Defendants. ) | **O R D E R** |

This matter is before the Court on the defendants' motion to dismiss [DE 12]. The defendants seek dismissal of this matter pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). A hearing on this matter was held in Raleigh, North Carolina on August 13, 2013 at 11:00 a.m. For the reasons stated herein, the defendants' motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff originally filed its complaint in Wake County Superior Court. This matter was subsequently removed to federal court by the defendants. Plaintiff was a provider of fire and water damage clean-up and restoration, mold removal, and remodeling services for residential properties. Through a third party provide, Crawford Contractor Connection, the plaintiff was a member of the defendants' preferred service providers network. During the time that the plaintiff was a member of this network, at least three of its customers, Nationwide's insureds, complained that Penguin had not completed the requested work to a satisfactory degree. Due to these

1

complaints the plaintiff was suspended from the network of preferred service providers. The plaintiff alleged that the defendants promised to reinstate them to this network if they settled with the complaining customers. It is undisputed that plaintiff subsequently did settle with the complaining customers and as a result was reinstated to Nationwide's network of preferred service providers. However, some time thereafter it was again removed from the network. Allegedly, Nationwide's given explanation for this removal was the plaintiff's difficulties with the complaining customers, with whom plaintiff had settled. Plaintiff argued that Nationwide had expressly agreed not to terminate them from the network for the complaints of those customers with which it settled. As such, the plaintiff brought suit against Nationwide alleging that it reneged on its promise to reinstate Penguin to its network of preferred service providers without penalty.

The plaintiff's complaint alleged the following causes of action: (1) promissory estoppel; (2) tortious interference with contractual relations; (3) fraudulent misrepresentation; (4) unfair and deceptive trade practices. The defendants seek dismissal of all these claims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## DISCUSSION

### I. RULE 12(b)(6) STANDARD.

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) a complaint must state "a plausible claim for relief" supported by well-pleaded facts that permit the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such facts must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to establish a facially plausible claim, a plaintiff must do more than simply plead facts that are consistent with the defendants' liability or merely restate the elements of a cause of action. *Iqbal*, 556 U.S., at 678. The facts pleaded by the

plaintiff must allow the court to draw a reasonable inference that the defendant is actually liable for the misconduct alleged. *Id.* In drawing such inferences, the court should view the complaint in the light most favorable to the plaintiff and should accept well-pleaded allegations as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

> At bottom, determining whether a complaint states on its face a claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly* 550 U.S. at 555, 557 and *Iqbal*, 129 S.Ct. at 1950).

## II. THE PLAINTIFF HAS FAILED TO STATE AN AFFIRMATIVE CLAIM UNDER THE DOCTRINE OF PROMISSORY ESTOPPEL.

The plaintiff has attempted to state an offensive claim using the doctrine of promissory estoppel. Traditionally, promissory estoppel is an equitable defense that applies where there is a "promise or representation as to an intended abandonment by the promisor of a legal right which he holds or will hold against the promisee." *Home Elec. Co. of Lenoir, Inc. v. Hall and Underdown Heating and Air Conditioning Co.*, 86 N.C. App. 540, 543 (1987) (citation omitted). Some jurisdictions interpret promissory estoppel broadly and find that it can be used offensively as well as defensively. *See* 56 A.L.R.3d 1037 § 2(a) (1974). The plaintiff relies heavily on a Fourth Circuit case, *Allen M. Campbell Co., General Contractors, Inc. v. Virginia Metal Industries, Inc.*, 708 F.2d 930, 934 (4th Cir. 1983), in which the appeals court offered an interpretation of North Carolina law that allowed promissory estoppel to be used in an affirmative manner. However, in the *Home Electric* case the North Carolina Court of Appeals visited the *Campbell* court's decision and stated emphatically, "the doctrine has only been

3

permitted in North Carolina for defensive relief."86 N.C. App. at 545. Subsequently, the Fourth Circuit's decision was criticized and at least two district courts have refused to follow the *Campbell* court's approach to promissory estoppel. *See Dealers Supply Co., Inc. v. Cheil Industries, Inc.*, 348 F.Supp.2d 579 (M.D.N.C. 2004) and *Rice v. Vitalink Pharmacy Servs.*, 124 F.Supp.2d 343 (W.D.N.C. 2000). As other district courts in this state have done, this Court declines to apply promissory estoppel affirmatively. As such, the plaintiff's claim for promissory estoppel is properly dismissed under Rule 12(b)(6).

### III. THE PLAINTIFF's CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS IS DISMISSED WITHOUT PREJUDICE.

The plaintiff has agreed to dismiss its claim for tortious interference with contractual relations. [DE 19]. As such, the Court dismisses this claim without prejudice.

### IV. THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER NORTH CAROLINA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT.

North Carolina's Unfair Deceptive Trade Practices Act (UDTPA) is designed to protect consumers from commercial conduct that is, among other things, "oppressive, unscrupulous or substantially injurious." *Kelly v. Georgia Pacific, LLC*, 671 F.Supp.2d 785 (E.D.N.C. 2009) (citing *Gilbane Bldg. Co. v. Fed. Res. Bank of Richmond*, 80 F.3d 895, 902 (4th Cir. 1996)). In order to state a claim under the UDTPA, a plaintiff must show (1) that the defendant committed an unfair or deceptive trade practice; (2) that such practice affected commerce; and (3) that such practice proximately caused actual injury to the plaintiff. *Kelly*, 671 F.Supp.2d, at 798. Conduct constituting an unfair or deceptive trade practice can be somewhat nebulous to define, but "only practices involving some type of egregious or aggravating circumstances are sufficient to violate the UDTPA." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164 (4th Cir. 2012)(quoting *ABT*

*Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 472 F.3d 99, 122-23 (4th Cir. 2006) (internal quotation marks omitted).

On its face, the plaintiff's claim that the defendants violated North Carolina's Unfair and Deceptive Trade Practices Act is woefully incomplete. In in its complaint the plaintiff simply sets forth the plain elements of a violation of the Act. Although the plaintiffs attempt to allege wrongdoing by the defendants, the complaint does not contain any allegations that are evidence of oppressive, unscrupulous or substantially injurious behavior. Further, the plaintiff did not plead any connection between the defendants' actions and commerce. As such, this claim is properly dismissed under Rule 12(b)(6).

### V. THE DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF THE PLAINTIFF'S CLAIM FOR FRADULENT MISREPRESENTATION.

Considering the plaintiff's claim for fraud under the *Twombly* and *Iqbal* standards the Court finds that the defendant is not entitled to dismissal. Although the Court has concerns regarding the propriety of that claim under the economic loss doctrine it is not proper to visit those concerns at this time. As the 12(b)(6) standard requires the Court to limit its evaluation of the plaintiff's case to the facts alleged in the complaint, and as the plaintiff has not pleaded the content or extent of the contract between the parties, the Court is not currently in a position to consider whether the plaintiff's claim is barred by the economic loss doctrine.

Further, the Court finds that the plaintiff allegations of fraud complied with Rule 9(b) to the extent that they stated the circumstances constituting the alleged fraud with particularity and the defendants are not entitled to dismissal under that Rule.

### CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The plaintiff's claims for (1) promissory estoppel; (2) tortious interference

5

with contractual relations; and (3) unfair and deceptive trade practices are DISMISSED. The only remaining live claim in this dispute is the plaintiff's claim for fraudulent misrepresentation.

SO ORDERED.

This the 15 day of August, 2013.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE