IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-63-BO

PENGUIN RESTORATION, INC d/b/a )
PAUL DAVIS RESTORATION OF RALEIGH )
DURHAM, )
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
v. ) **ORDER**
　　　　　　　　　　　　　　　　　　　　)
NATIONWIDE MUTUAL INSURANCE, )
COMPANY and NATIONWIDE PROPERTY )
AND CASUALTY INSURANCE COMPANY )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

This matter is before the Court on defendants' motion to dismiss [DE 38] plaintiff's amended complaint [DE 40] and plaintiff's motion to strike [DE 43]. The motions are ripe for adjudication. For the reasons stated herein, defendants' motion to dismiss is DENIED and plaintiff's motion to strike is GRANTED.

## BACKGROUND

Plaintiff, Penguin Restoration, Inc. d/b/a Paul Davis Restoration of Raleigh Durham ("Penguin") asserts two causes of action in its amended complaint: (1) fraudulent misrepresentation; and (2) violation of North Carolina's Unfair and Deceptive Trade Practices Act codified at N.C. Gen. Stat. § 75.1-1 *et seq.*, ("UDTPA claim"). This action was originally filed in Wake County Superior Court and was removed on January 29, 2013. On February 28, 2013, defendants filed a motion to dismiss which was granted in part and denied in part by this Court on August 15, 2013 after a hearing in Raleigh, NC on August 13, 2013. On October 18, 2013, defendants stipulated for plaintiff to file an amended complaint which was filed on

October 29, 2013. On October 25, 2013, defendants' moved to dismiss the amended complaint. On December 9, 2013 plaintiff filed a motion to strike defendants' reply brief supporting their motion to dismiss.

## DISCUSSION

I. MOTION TO STRIKE.

Plaintiff argues that defendants assert several grounds in their reply brief that they did not raise in their opening memorandum of law and that do not reply to matters initially raised in Penguin's opposition, as required by Local Rule 7.1(f)(1). Accordingly, plaintiff argues that the reply should either be stricken or that the Court should allow it to file a surreply. Specifically, plaintiff takes issue with defendants' following arguments: (1) that Penguin's actions done in reliance on defendants' misrepresentation are not actionable because they constituted preexisting contractual obligations; (2) that the UDTPA claim must be dismissed pursuant to a choice of law provision; and (3) that Penguin's claims are subject to arbitration. Penguin argues that each of these arguments was not raised in defendants' memorandum of law in support of their motion to dismiss and each was also not raised in Penguin's opposition brief. Accordingly, Penguin argues that it has not had the opportunity to respond to defendants' arguments, and, seeing as the reply is in contravention of Local Rule 7.1(f)(1), the only just action for the Court to take is to strike the reply or to allow a surreply.

Local Rule 7.1(f)(1) discourages the filing of reply briefs and makes clear that in the event a reply brief is filed, it is to be used solely to reply to matters "initially raised in a response to a motion . . . ." L.R. 7.1(f)(1). It is clear to the Court that the arguments plaintiff takes issue with in defendants' reply are entirely new grounds. Although defendants argue that plaintiff's citation of two contracts to support its opposition argument opens the door to defendants use of

2

the contracts to support their reply arguments this is not necessarily the case. The issue here is that defendants' reply arguments, although based on the contracts, are new arguments that do not respond to an issue raised in plaintiff's opposition. Further, there is no reason defendants point to as to why they did not raise the arguments in their initial memorandum of law supporting their motion to dismiss. Although defendants argue that the contracts were not offered to the Court as exhibits prior to plaintiff's opposition, the contracts were mentioned in plaintiff's amended complaint and original pleading. Additionally, defendants are parties to the agreements cited. They were as available to defendants as they were to plaintiff throughout this matter. Defendants could have raised the grounds they now raise in their reply in their initial brief. Because they failed to do so and because these grounds are new issues which were not raised before the reply brief was entered and plaintiff now has no opportunity to respond to the arguments, the Court agrees that they must be struck.

The Court has ample authority to strike arguments made for the first time in a reply brief. *See, e.g., Buser v. So. Food Serv., Inc.*, 73 F. Supp. 2d 556, 568 n.12 (M.D.N.C. 1999) (refusing to consider arguments made for the first time in a reply brief); *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 472 (M.D.N.C. 2003) (same). Therefore, the Court will not consider the portions of defendants' reply that raise new issues in ruling on the instant motion to dismiss.[1]

II.   MOTION TO DISMISS.

Defendants move to dismiss the amended complaint pursuant to FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186,

---

[1] These arguments, as mentioned above, are: (1) that Penguin's actions done in reliance on defendants' misrepresentation are not actionable because they constituted preexisting contractual obligations; (2) that the UDTPA claim must be dismissed pursuant to a choice of law provision; and (3) that Penguin's claims are subject to arbitration.

3

192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Defendants argue that plaintiff's amended complaint is deficient in two ways. First, they argue that plaintiff has not properly alleged the requirement of reliance necessary to support its fraud claim (count one) or its UDTPA claim (count two). Second, defendants argue that plaintiff's UDTPA claim fails because it has not properly alleged conduct "in or affecting commerce." Finally, defendants ask that count three of the amended complaint be dismissed because it is derivative of the first two counts which they argue should be dismissed. The Court considers each argument in turn.

    A.    Reliance.

In order to maintain a claim of fraud, a plaintiff must plead "that the recipient of the misrepresentation reasonably relied upon it and acted upon it." *Horack v. S. Real Estate Co. of Charlotte, Inc.*, 563 S.E.2d 47, 53 (N.C. App. 2002). "The gravamen of a claim for fraud is the damage to a person for a change in position based on the reliance on a false statement." *Britt v.*

4

*Britt*, 359 S.E.2d 467, 471 (N.C. 1987), *overruled in part on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385 (N.C. 1988). "One of the essential elements of fraud is that the alleged misrepresentation results in damage to the claimant." *Wilhelm v. Smithfield Packing, Co.*, No. 5:98-CV-700-BR(3), 1999 WL 1939977, *4 (E.D.N.C. May 3, 1999). Where a plaintiff voluntarily changes his position before the alleged misrepresentation occurs, he cannot later claim to have relied on that representation. *Thermal Design, Inc. v. M&M Builders, Inc.*, 698 S.E.2d 516, 523 (N.C. App. 2010).

A UDTPA claim stemming from an alleged misrepresentation "require[s] a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause." *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013). Reliance "demands evidence showing that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation." *Id.* at 227 (citation omitted). The burden of proof here is the same as that of the detrimental reliance requirement for fraud. *Id.* (citation omitted).

Defendants claim that Penguin voluntarily pursued settlements with Nationwide insureds at its own expense as a "matter of good customer diplomacy" long before Ms. Wood's alleged promise. Accordingly, defendants say, Penguin did not suffer an injury that would have been avoided altogether but for Ms. Wood's statement, but rather Penguin made the decision to satisfy the customers as part of its customer diplomacy long before Ms. Wood made any statement to Penguin. Penguin avers that this version of events is twisted and that a review of the amended complaint shows that it did allege that it relied on Ms. Wood's statement and changed course after it was made.

Accepting as true, all of the factual allegations in the complaint, this Court agrees with Penguin that it did properly allege reliance. The amended complaint makes plain and

unambiguous allegations that it indeed relied upon Nationwide's alleged intentional misrepresentation to its detriment. Although Penguin initially tried to address the customer's needs [DE 40 at ¶ 35], the customers continued to make demands and Penguin refused to accommodate those demands. [*Id.* at ¶ 36–37]. Penguin then sought relief from Nationwide including a request to "cash out" the troublesome customers, which Ms. Wood refused. [*Id.* at ¶ 38–39]. Penguin did not settle with the customers and was consequently suspended by Nationwide on April 30, 2013. [*Id.* at ¶ 42]. Two weeks after its suspension Penguin met with Nationwide and Ms. Wood made her statement that "if Penguin settled the disputes . . . Nationwide would immediately reinstate Penguin to the Network without penalty based on these projects." [*Id.* at ¶ 45–48]. After that meeting, Penguin settled the disputes. [*Id.* at ¶ 59, 83]. It is clear that these allegations tell a story where Penguin made a decision based on the alleged misrepresentation. The final decision to settle the disputes was not merely a continuation of Penguin's earlier attempts to settle the problems because it had decided not to resolve them, informed defendants of its intent to not resolve the disputes, was suspended from the network, and was promised reinstatement before finally settling the disputes. That Penguin was able to quickly resolve the disputes after the alleged misrepresentation is of no consequence at this stage of the proceedings. The factual allegations in the complaint are to be taken as true, and after doing so, the Court finds that the amended complaint sufficiently alleges reliance.

      B.      In or Affecting Commerce.

The UDTPA prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" N.C. Gen. Stat. § 75-1.1. The plaintiff must meet a three-pronged test to prevail: (1) there must be a showing of an unfair or deceptive act or practice; (2) in or affecting commerce; (3) which proximately caused actual injury to the plaintiff. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*,

507 S.E.2d 56, 63 (N.C. App. 1998). Commerce is defined as "business activities" which "is a term which connotes the manner in which businesses conduct their regular day-to-day activities, or affairs . . . [which] the business regularly engages in and for which it is organized." *Hajmm Co. v. House of Raeford Farms, Inc.*, 403 S.E.2d 483, 493 (N.C. 1991).

Defendants argue that Penguin did not allege that dealing with remediation contractors, such as Penguin, constitutes the primary business activity for which Nationwide is organized. Defendants point to plaintiff's allegation that Nationwide relies on Crawford to provide this function. [DE 40 at ¶ 14]. However, courts in North Carolina have only excluded a few specific types of "business activities" from the UDTPA including the relationship between employers and employees, securities transactions, and homeowners who well their homes. *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 951 F. Supp. 1224, 1231 (M.D.N.C. 1996), *reversed in part on other grounds by Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999) (citing *Buie v. Daniel Int'l Corp.*, 289 S.E.2d 118 (N.C. App. 1982); *Skinner v. E.F. Hutton & Co.*, 333 S.E.2d 236, 237 (N.C. 1985); *Robertson v. Boyd*, 363 S.E.2d 672 (N.C. App. 1988)). "Other than these three instances, the North Carolina courts have been hesitant to restrict the statute." *Food Lion*, 951 F. Supp. at 1231–32.

The pertinent question here is not whether managing remediation contractors comprises the majority of Nationwide's business purpose, or whether it was organized primarily for that purpose, but rather whether such management is a regular activity of the company. Taking the allegations in the amended complaint as true, this Court finds that the alleged activity does constitute "business activity" for the purposes of this motion and for the UDTPA. Nationwide is alleged to have a network of approved contractors. It is alleged to have control over that network and to possess the ability to both add and remove contractors from the network. It is alleged to be

7

able to assign contractors work directly without going through Crawford. It is alleged that Nationwide had a representative who communicated with Penguin and instructed it to settle differences and resolve complaints with customers. That same representative is alleged to hold the power to suspend a contractor from the network, and allegedly suspended Penguin. It is further alleged that a contract governing the relationship between Nationwide and Penguin exists. Although Nationwide's main business is clearly the sale of insurance policies, it is also clear to this Court that it regularly engages in the management of remediation contractors such as Penguin.

Defendants have failed to show that, when taking all of the factual allegations in the complaint as true, plaintiff has failed to adequately state a claim for which relief may be granted. Accordingly, it has failed to meet its Rule 12(b)(6) burden to have the complaint dismissed. Defendants' motion is denied. All elements of the amended complaint may proceed in their entirety.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 38] is DENIED. This action is not dismissed at this time and may proceed in its entirety. Plaintiff's motion to strike [DE 44] is GRANTED. The Court did not consider the disputed arguments in defendants' reply in ruling on this motion.

SO ORDERED.

This the 21 day of February, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8

Case 5:13-cv-00063-BO   Document 48   Filed 02/24/14   Page 8 of 8